UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

KATHY ANN STARK,

        Plaintiff,

        v.                                       Case No. 1:14-cv-108-JVB-SLC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security Administration,

        Defendant.

## OPINION AND ORDER

Plaintiff Kathy Stark seeks judicial review of the Defendant's decision to deny her social security disability benefits. Administrative Law Judge Yvonne Stam issued a decision unfavorable to Plaintiff on October 26, 2012. That decision became the final decision of the Defendant Commissioner of Social Security when the Social Security Appeals Council denied Plaintiff's request for review in January 2014.

For the reasons discussed below, the Commissioner's decision is AFFIRMED.

**A.     Overview of the Case**

Plaintiff was 54 years old when she applied for disability benefits. She alleged that her disability began on October 27, 2009, and that her disability resulted from her back pain. She only had one type of past relevant work. From 1995 through 2009, she worked as a "car jockey" for a General Motors contractor.[1]

---

[1]     This job entailed driving a newly finished pick-up truck from the end of the assembly line out into a parking lot, and then riding in a shuttle van back to the plant to get another pick-up truck. R. at 43, 191, & 336.

The ALJ found that Plaintiff had the residual functional capacity to perform light work, and that she could walk and stand for six out of eight hours in a work day and that she could also sit for six out eight hours in a workday. R. at 31. The vocational expert at the ALJ hearing testified that a person with Plaintiff's residual functional capacity could work as a driver. Relying on the VE's testimony, the ALJ found at step 4 of the sequential analysis that Plaintiff could perform her past relevant work; and that therefore, she was not disabled.

**B.  Standard of Review**

This Court has the authority to review Social Security Act claim decisions under 42 U.S.C. § 405(g). The Court will uphold an ALJ's decision if it is reached under the correct legal standard and supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This Court will not reconsider facts, re-weigh the evidence, resolve conflicts in the evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005). This Court will, however, ensure that the ALJ built an "accurate and logical bridge from the evidence to his conclusion so that, as a reviewing court, we may access the validity of the agency's ultimate findings and afford a claimant meaningful judicial review." *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002).

**C.  Disability Standard**

To qualify for disability benefits, the claimant must establish that she suffers from a disability. A disability is an "inability to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The SSA established a five-step inquiry to evaluate whether a claimant qualifies for disability benefits. A successful claimant must show:

> (1) she is not presently employed; (2) her impairment is severe; (3) her impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) she is not able to perform her past relevant work; and (5) she is unable to perform any other work within the national and local economy.

*Scheck v. Barnhart*, 357 F.3d 697, 699–700 (7th Cir. 2004).

An affirmative answer leads either to the next step or, on steps three and five, to a finding that the claimant is disabled. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001). A negative answer at any point other than step three stops the inquiry and leads to a finding that the claimant is not disabled. *Id.* The burden of proof lies with the claimant at every step except the fifth, where it shifts to the Commissioner. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D.     Analysis**

Plaintiff only challenges the ALJ's evaluation of her testimony's credibility; she attacks this evaluation in three ways. First, she says that the ALJ impermissibly equated her activities of daily living to an ability to work full-time. Second, she argues the ALJ committed legal error by failing to mention or analyze her work history. Third, she asserts that the credibility determination consisted solely of disapproved agency boilerplate.

In determining how pain affects a claimant's ability to work, an ALJ must evaluate her statements about the "intensity, persistence, and limiting effects of [her] symptoms" relative to other evidence in the record. 20 C.F.R. § 404.1529 (c)(4). This evaluation is often called the "credibility determination." An ALJ's credibility determination is entitled to substantial

3

deference, and it will only be overturned if it is "patently wrong." *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013) (internal citation omitted). This Court will affirm an ALJ's credibility determination if the ALJ gave specific reasons for the finding that are supported by evidence in the record. *Id.*

To address the first argument, the ALJ did not find Plaintiff capable to work solely on her activities of daily living. Instead, the ALJ considered her activities of daily living as evidence that she retained "adequate physical function" to perform work at the light exertional level. (R. at 33.) The ALJ also considered that her daily activity levels were "not inconsistent with light work activity." (*Id.*) These considerations were proper because they did not equate Plaintiff's activities of daily living to the ability to work full-time.

For the second claim, the ALJ was not required to single out Plaintiff's work history as a substantial factor in favor of her credibility. Therefore, any alleged "failure" to do so is not reversible error. A claimant's prior work record is just one factor that may be considered in evaluating her credibility. 20 C.F.R. § 404.1529(c)(3); SSR 97-6p. Another court in the district stated that a claimant with a good work history is "entitled to substantial credibility." *Springer v. Colvin*, No. 1:13-cv-185, 2014 WL 3075342 at *8 (N.D. Ind. July 2, 2014). That case was being remanded on other grounds but the court also ordered a new credibility determination because the ALJ used the claimant's "can do" attitude against him in discrediting his testimony. *Id.* The ALJ in this case discredited Plaintiff's testimony about extreme limitations because it was not corroborated by objective medical evidence or other evidence in the record. The ALJ pointed to specific evidence that conflicted with or failed to substantiate her testimony, such as the consultative examination, office visit notes from 2011 and 2012, and Plaintiff's reports of her

activities of daily living. R. at 32–33. This evidence adequately supports the ALJ's credibility determination.

Plaintiff's third argument is not developed with factual analysis. Her brief mentions that the Seventh Circuit disapproves of boilerplate language, and that "[g]eneralities are not enough." (DE 16 at 15.) These general statements are not a legal argument. Even if Plaintiff had developed this argument further, it would fail because, as discussed above, the ALJ adequately supported the agency boilerplate with logical reasoning supported by evidence in the record. *See Pepper*, 712 F.3d at 367–68 ("[T]he simple fact that an ALJ used boilerplate language does not automatically undermine or discredit the ALJ's ultimate conclusion if he otherwise points to information that justifies his credibility determination.").

**E.     Conclusion**

All of Plaintiff's arguments challenged the ALJ's credibility determination, so only that issue was addressed above. For the foregoing reasons, the Commissioner's decision is AFFIRMED.

SO ORDERED on April 17, 2015.

  S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE